# Appeal of George M'Cullough and Isabel, his wife, executors of Thomas Grubb, from the decree of the Orphans' Court of Lancaster county, on the settlement of their administration account.

By a devise to testator's wife, of all the benefits of his real estate until his children come of age, grain growing in the ground at the time of the testator's death, passes to the widow.

[Coulon *v.* Anthony's ex'rs and Maybin et e contra.]

THE sole question arose on the will of the testator, dated 27th May 1777, in which there was the following clause : " I " give unto my well-beloved wife, Isabel Grubb, the remaining " part of all my personal estate, and the benefits of all my real " estate, till the children, my sons within mentioned, come of " age to enjoy their possessions."

Grain was growing in the ground at the time of the testator's death. The executors charged themselves therewith in the inventory, and prayed credit for the amount, 87l. 10s. in their account : but the court refused to allow the credit.

BY THE COURT. By a devise of land in fee or for life, corn growing in the ground at the time of the testator's death will pass to the devisee, though in the case of an intestacy such corn will be accounted assets. Winch. 51. Cro. El. 61. 1 Rol. Ab. 727. Hob. 132. Gilb. Law of Evid. 251. 3 Atky. 16. Hargr. Co. Lit. 55. b. note 2. Of this there can be no question. Will a devise of the benefits of the estate during the minority of children make a difference ?

For the appellants. It is apprehended not. By a devise of the profits of the land the interest in the land is vested in the devisee. Co. Lit. 4. b. Cro. El. 109. 190. See also 1 Vez. 171. 10 Mod. 287. Dy. 210.

*Per Cur.* Let the decree of the Orphans' Court be reversed.

Messrs. Smith and Hopkins for appellants.

Mr. Ingersoll for appellees.

Cited in P. & W. 472 in support of the decision that by a sale, conveyance and delivery of possession of land, the grain growing thereon does not pass to the vendee.